# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C  Atlanta

SEP 1 2 2006

JAMES N. HATTEN, Clerk
_JkPuick_
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LINDA M. ELLIS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. ▮ 06 CV 2170 |
| | ) | ···WS |
| EDDY FISCHER, an individual; | ) | |
| ROBIN KRASNY, an individual; and | ) | |
| LIGHT SHOW ENTERTAINMENT, | ) | JURY TRIAL DEMANDED |
| INC., a Florida Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Linda Ellis, doing business as Linda's Lyrics, (hereinafter

collectively referred to as "Ms. Ellis") by and through counsel, complains against

Defendants Eddy Fischer, (hereinafter "Fischer"), Robin Krasny, (hereinafter

"Krasny"), and Light Show Entertainment, Inc. (hereinafter "Light Show

Entertainment"), as follows:

### Introduction

1.    Ms. Ellis is the author of a tremendously popular poem entitled "The

Dash" which she created and copyrighted in 1996, a copy of which is attached as

Exhibit "A." Since its creation, "The Dash" has become tremendously popular. As

of today well over three million people have read the poem, with approximately 100,000 more individuals being exposed to the poem each day.

2.     Years after Ms. Ellis released her poem, she was approached by the Defendants.  The Defendants told her that they placed her poem to a musical melody and requested her permission to include the resulting song on their next CD, entitled "You Are Home."  Defendants further stated that the CD was going to be distributed and sold through their production company, "Back to the Heart Music." Ms. Ellis met with the Defendants and, after some discussion, entered into a contract.  The contract, which was drafted by the Defendants, provided strict limitations respecting the use of the poem, as well as the music, including the following restrictions: i) that the song would only be sold on the CD entitled "You are Home"; ii) that the song would only be sold through their production company, "Back to the Heart Music"; iii) that "Back to the Heart Music" would administer the performance royalties for the CD including "The Dash" through the American Society of Composers, Authors & Publishers; and  iv) that Ms. Ellis would receive a 50% share of the proceeds generated from the song.  After signing the contract, the Defendants effectively disappeared, breached the contract, and treated Ms. Ellis' rights with contempt.

3.      In violation of the terms of the contract, Defendants produced the song through a production company called Light Show Entertainment (and NOT "Back to the Heart Music"), and were distributing it in their CD entitled "Masters of Love" (and NOT "You are Home"), neither of which were indicated in the contract.

4.      After realizing the defendants were not respecting the terms and conditions of the contract, Ms. Ellis had a desire to resolve the matter amicably, and on numerous occasions contacted the Defendants in an attempt to do so.   However, Defendants utter disregard for Ms. Ellis' rights have continued.

5.      Ms. Ellis is now forced to bring this action to have the contract found null and void and in breach.  Ms. Ellis is also forced to bring this action to stop Defendants from exploiting her work for their own financial gain.

### Nature of Action

6.      Ms. Ellis brings this suit for temporary and permanent injunctive relief, damages (including actual and punitive damages, costs, and fees and expenses of attorneys and other professionals), breach of contract, copyright infringement, rescission of contract, and other appropriate relief, arising out of, among other things, Defendants:

-       Unauthorized recording of a song entitled "The Dash" in Defendants CD entitled "Masters of Love";

3

-   Copyright infringement through their failure to mention Ms. Ellis as author and copyright owner of the poem "The Dash";

-   Breach of contract respecting use and payment for use of the poem The Dash";

-   Unauthorized sale and distribution of the song "The Dash" on the internet website http://www.rhapsodylive.com/rhapsody/53Kh5bM4-1S-A1-S2-the+dash;

-   Failure to turn over payment of any royalties from the execution of the contract on July 28, 1999 until such time as a cease and desist letter was issued; and

-   Unauthorized use of the publishing company Light Show Entertainment to record and distribute the CD which included the song "The Dash."

7.    As a result of these and other wrongful acts by Defendants, Ms. Ellis brings claims against Fischer, Krasny and Light Show Entertainment for copyright infringement, breach of contract, fraudulent inducement, and rescission of contract under federal and state law. Ms. Ellis seeks both injunctive and monetary relief. Further, to deter Defendants from engaging in this or similarly egregious conduct in the future, Ms. Ellis requests that the Court enter an Order requiring Defendants to pay appropriate and substantial punitive damages to Ms. Ellis in addition to the damages that she has already suffered as a result of Defendants' misconduct and

4

that the Court also award Ms. Ellis her costs and the reasonable fees and expenses of attorneys and other professionals that she incurred in bringing this action.

## Jurisdiction and Venue

8.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and such jurisdiction is exclusive of state courts pursuant to 28 U.S.C. § 1338, in that this action arises under the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.

9.     The Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity of citizenship exists between Ms. Ellis and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     The Court has pendent jurisdiction over the state-law claims in this action in that the federal and state claims constitute a single case and the same evidence will prove both sets of claims.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred within the Northern District of Georgia, including the execution of the contract at issue, as well as marketing, advertising, promotion, offering for sale, and sale of "Masters of

Love" in the Atlanta Division of the Northern District of Georgia, and a substantial part of the property - Ms. Ellis' copyright in "The Dash" - that is the subject of the action situated there.

## The Parties

### Linda M. Ellis

12.    Ms. Ellis is a U.S. citizen over the age of 18 years who resides in Marietta, Georgia and, doing business as Linda's Lyric's, also maintains an office there.

13.    Ms. Ellis is a full-time, professional author who writes primarily poetry and has published several books.

14.    In 1996 Ms. Ellis wrote what has become her most famous work to date: the poem "The Dash."

15.    Effective June 15, 1998, Ms. Ellis registered the copyright in "The Dash" with the U.S. Copyright Office; a copy of the registration certificate, No. TXu 858-108, is attached hereto as Exhibit B.

16.    "The Dash" has been reprinted, with Ms. Ellis's permission and proper attribution to her as the author and copyright owner of the poem, in a number of books, including philosophical works and textbooks, as well as volumes of poetry.

6

17.    Ms. Ellis and her poetry, especially "The Dash," have been featured on dozens of television and radio programs and in several national magazines, including Family Circle and U.S. News & World Report.

18.    "The Dash" is highly regarded by her fellow writers and members of the general public.

### Eddy Fischer

19.    Fischer is a U.S. citizen over the age of 18 years who, upon information and belief, resides in Melbourne, Florida.

20.    Upon information and belief, Fischer is one of the founders of Light Show Entertainment, and serves as one of the company's Board of Directors.

21.    In connection with the activities described in the preceding paragraph Fischer recorded, distributed and/or sold CDs entitled "Masters of Love," which incorporated the song titled "The Dash" by and through his company Light Show Entertainment.

### Robin Krasny

22.    Krasny is a U.S. citizen over the age of 18 years who, upon information and belief, resides in Indialantic, Florida.

23.    Upon information and belief, Krasny is one of the founders of Light Show Entertainment, and serves as one of the company's Board of Directors.

24.    In connection with the activities described in the preceding paragraph Krasny recorded and distributed/sold CDs entitled "Masters of Love," which incorporated the song titled "The Dash" by and through her company Light Show Entertainment.

## Light Show Entertainment

25.    Light Show Entertainment is a Florida corporation formed in 1998.

26.    The records of the Florida Department of State indicate that Light Show Entertainment's address for service of process is:  185 Rita Boulevard, Melbourne, Florida  32951.

27.    Upon information and belief Light Show Entertainment is the corporate vehicle through which Fischer and Krasny recorded, distributed and/or sold the CD entitled "Masters of Love."

## Defendants' Misconduct

28.    In or about July, 1999, Defendants Fischer and Krasny contacted Ms. Ellis to ask her permission to create lyrics and music to "The Dash," which would, in turn, be recorded on a CD entitled "You Are Home", and distributed and/or sold through their publishing company "Back to the Heart Music."  A copy of the contract is attached hereto as Exhibit C.

29.     At the time the negotiations concerning the contract were conducted,
Fischer and Krasny affirmatively misrepresented and further failed to disclose the
illegal conduct in which they had engaged.  That is, neither Fischer nor Krasny
informed Ms. Ellis that they had formed a company called Light Show
Entertainment, they did not tell Ms. Ellis that they changed the name of the CD to
"Masters of Love," they did not tell Ms. Ellis that they used her copyrighted work
to record a record, they did not tell Ms. Ellis they made copies of that illegal work
for sale and distribution, and they did not tell Ms. Ellis that they had already sold
copies of the illegal and infringing work.

30.     Because of these and other factual representations and omissions, Ms.
Ellis, representing herself, executed the document attached hereto as Exhibit C,
which indicates that she was willing to permit Fischer and Krasny the use of her
poem, "The Dash" as a musical composition on their CD.  Said agreement was
made subject to the following terms and conditions:

-       The tile of the CD was to be "You Are Home";

-       Fischer and Krasny would credit Ms. Ellis as the
        author and copyright owner of "The Dash";
-       Fischer and Krasny's music publishing company,
        Back to the  Heart Music would administer the
        performance royalties for the CD; and

- All income from the performance of "The Dash" would be paid 50% to Ms. Ellis and 50% to Back to the Heart Music.

31.     Even receiving this document from Ms. Ellis, Fischer and Krasny never told Ms. Ellis that the title of their CD had changed; that the name of their publishing company had changed; never discussed with her revising the document; and never paid her anything.

32.     Ms. Ellis received, at periodic intervals, a copy of a CD recorded by Defendants.  Accordingly, Ms. Ellis reasonably assumed that Defendants would forward the royalty checks in due time.

33.     In or before September 2005, Ms. Ellis discovered that the Defendants had permitted copies of the song "The Dash" to be downloaded from several internet sites for a per-download charge.

34.     Ms. Ellis's name does not appear anywhere on the websites where "The Dash" is downloaded in further breach of the contract.  Further, Ms. Ellis's name does not appear on the CD "Masters of Love" as the copyright owner in further breach of the contract.

35.     Still Further, on Defendants' website, http://www.robinandeddy.com there is no mention of Ms. Ellis respecting her copyright ownership in the lyrics for "The Dash."

36.     Rather, the sole mention of Ms. Ellis is found in the website http://www.cdbaby.com/cd/robineddy2 which lists "The Dash" as words by Linda Ellis (poet).

37.     This reference does not identify Ms. Ellis as the copyright owner of the poem.

38.     Thus, the listener of the song "The Dash" will believe, falsely, that Fischer and/or Krasny authored the poem as well as the lyrics.

39.     Defendants knowingly misled Ms. Ellis, infringed her copyright, and committed other illegal actions to be able to use "The Dash" in their CD entitled "Masters of Love."

40.     Realizing that Defendants had violated her rights and very concerned about said violations, Ms. Ellis sent both Fischer and Krasny a cease-and-desist letter on September 7, 2005.

41.     That letter outlined the foregoing:

- Rescission of the July 28, 1999 agreement which granted Fischer and Krasny permission to use the words of "The Dash" as song lyrics;

- Demand to immediately cease and desist all public performances of "The Dash" song;

- Demand to immediately cease and desist manufacturing the current version of *Masters of Love* or any other CDs or recordings containing that song;

- Demand to immediately cease and desist any and all Internet downloads or other electronic distribution of the song; and

- Permission to sell or otherwise distribute Defendants  remaining inventory of the *Masters of Love* CD but only after notification as to the number of such CDs remaining in their inventory and further confirmation when they have sold.

42.     Fischer and Krasny replied by insisting that they had done nothing wrong and attempted to provide Ms. Ellis with a royalty payment presumed to include six (6) years worth of profits with no accounting for said timeframe.

43.     Numerous attempts to resolve the matter were made by Ms. Ellis, to no avail.  Ms. Ellis never received the royalties due her for the six (6) year time period, nor an accounting confirming the amount owed her.  Further, upon information and

belief, Fischer and Krasny continue to perform the song "The Dash" and continue to sell the CD "Masters of Love."

### Count I - Copyright Infringement

44.     Ms. Ellis hereby incorporates by reference and realleges the allegations of Paragraphs 1 through 43 as if fully set forth herein.

45.     This cause of action arises under Section 501 of the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.

46.     Ms. Ellis is the author and copyright owner of "The Dash," and her copyright in that poem is valid, subsisting, and enforceable.

47.     The foregoing activities of Defendants infringe the exclusive rights of Ms. Ellis, pursuant to 17 U.S.C. § 106, as the copyright owner of "The Dash."

48.     Defendants' infringement of Ms. Ellis's copyright makes them liable to her under 17 U.S.C. § 501.

49.     Defendants' infringement of Ms. Ellis's copyright to "The Dash" occurred after Ms. Ellis registered that copyright with the U.S. Copyright Office.

50.     Defendants' infringement of Ms. Ellis's copyright was knowing, deliberate, and willful.

51.    Ms. Ellis is without an adequate remedy at law because Defendants' copyright infringement has caused great and irreparable injury to Ms. Ellis, and unless said acts are enjoined by this Court, they will continue and Ms. Ellis will continue to suffer great and irreparable injury.

52.    Pursuant to 17 U.S.C. § 502, Ms. Ellis is entitled to temporary and permanent injunctive relief from Defendants' copyright infringement.

53.    Defendants' acts of copyright infringement have further caused Ms. Ellis to sustain monetary damages, loss, and injury in an amount that is unknown to, and cannot be calculated by Ms. Ellis at present and therefore must be determined at the trial of this action.

54.    Pursuant to 17 U.S.C. § 504, Ms. Ellis is entitled to her actual damages and any additional profits of Defendants or, at her election at any time before final judgment, to statutory damages in an amount of up to $150,000 per infringement.

55.    Pursuant to 17 U.S.C. § 505, Ms. Ellis is also entitled to a full recovery of her costs and reasonable attorney's fees incurred in connection with this action.

## Count II - Rescission of Contract

56.    Ms. Ellis hereby incorporates by reference and realleges the allegations of Paragraphs 1 through 43 as if fully set forth herein.

57.     This cause of action arises under the common law of the State of Georgia.

58.     Fischer and Krasny have breached several material provisions of the contract signed by the parties and attached hereto as Exhibit "C," thereby giving Ms. Ellis the right to rescind the contract.

59.     Among others, Fischer and Krasny breached the following material covenants of performance: (a) they failed to record the song on a CD entitled "You Are Home"; (b) they failed to sell the song through their production company called "Back to the Heart Music"; (c) they failed to pay Ms. Ellis 50% of all income derived from the performance of "The Dash"; (d) they failed to inform Ms. Ellis when the CD was recorded, distributed and/or sold; and (e) they failed to obtain permission from Ms. Ellis prior to submitting the song "The Dash" to internet websites which enabled the public to download the song for a fee and further failed to pay Ms. Ellis her 50% share of the royalties derived therefrom.

60.     Fischer and Krasny's knowing misrepresentations and omissions of material facts to Ms. Ellis, with the intention of inducing her to rely on those representations to her financial detriment, also breached the material covenant of

good faith and fair dealing that is implied in every contract and constitutes fraudulent inducement.

61.     Since September 7, 2005, Ms. Ellis has, on several occasions, informed Fischer and Krasny orally and in writing that because of their foregoing actions there is no contract between them concerning "The Dash" (if indeed there ever was).

62.     Accordingly, Ms. Ellis is entitled to a finding by this Court that any written or oral contract that may have existed between Ms. Ellis and either or both Defendants was rescinded on September 7, 2005, and that any use by Defendants of "The Dash" since then constitutes infringement of Ms. Ellis's copyright in the poem.

## Count III – Attorney's Fees

63.     Defendants have acted in bad faith and have been stubbornly litigious and caused Ms. Ellis unnecessary trouble and expense. Therefore, defendants are liable to Ms. Ellis for her expenses of litigation, including attorney's fees pursuant to O.C.G.A. § 13-6-11, and as otherwise provided by law.

## Prayer for Relief

WHEREFORE, Ms. Ellis prays for the following relief:

(a)     That Eddy Fischer, Robin Krasny and Light Show Entertainment, Inc.,
be held liable under each claim for relief set forth in this Complaint;

(b)     A temporary and then permanent injunction prohibiting Eddy Fischer,
Robin Krasny, Light Show Entertainment, Inc., its officers, directors,
employees, agents, successors, assigns, affiliates, and all entities in active
concert or participation with any of the foregoing entities (all of the foregoing,
collectively, "Light Show Entities"), from marketing, advertising, promoting,
recording, reprinting, manufacturing, copying, displaying, distributing, selling,
creating derivative works from, or making any other use whatsoever of any
part or all of "The Dash";

(c)     A detailed accounting to Ms. Ellis of any and all monies that Defendants
have received or are owed for any of their activities related to the song "The
Dash";

(d)     An award to Ms. Ellis of actual or statutory damages and additional
profits of Defendants under 17 U.S.C. § 504;

(e)     An award to Ms. Ellis of the reasonable fees and expenses of attorneys
and other professionals incurred herein, pursuant to 17 U.S.C. § 505 and
O.C.G.A. § 13-6-11;

(f)    That Defendants be required to pay to Ms. Ellis the costs of this action, pursuant to 17 U.S.C. § 504 and as otherwise provided by law; and

(g)    An award to Ms. Ellis of such other and further relief as this Court deems just and equitable.

Respectfully submitted this 12th day of September, 2006.

_____
Timothy S. Rigsbee
Georgia Bar No. 605579
BONDURANT, MIXSON &
  ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111
**COUNSEL FOR PLAINTIFF**

**OF COUNSEL:**

Joseph M. Vanek
Margaret M. Donnell
VANEK, VICKERS & MASINI, P.C.
111 South Wacker Drive
Suite 4050
Chicago, Illinois  60606
Telephone:  (312) 224-1500

*Pro Hac Applications Pending*